# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 8:10CR147 |
| ) | |
| Plaintiff, ) | |
| ) | MEMORANDUM |
| vs. ) | AND ORDER |
| ) | |
| GEORGE E. BANISTER, JR., ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the Findings and Recommendation (Filing No. 36) issued by Magistrate Judge F.A. Gossett recommending that the motion to suppress (Filing No. 16) filed by the Defendant, George E. Banister, Jr., be denied. Banister filed a statement of objections to the Findings and Recommendation and a supporting brief (Filing Nos. 37, 38) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 59.2(a).

Banister is charged in a one-count Indictment with being a felon in possession of a firearm. He seeks the suppression of evidence obtained as a result of his January 31, 2010, encounter with law enforcement officers.

Following an evidentiary hearing, Judge Gossett issued written findings of fact and conclusions of law with his recommendation. (Filing No. 36.) Judge Gossett concluded that Banister lacks standing to object to the seizure of the gun found on the front porch at his sister's home. More specifically, Judge Gossett determined that Banister did not have a reasonable expectation of privacy in the front porch entryway to his sister's home, even assuming the outside screen door was intact.[1] Judge Gossett therefore recommends that the motion to suppress be denied.

---

[1] The evidence was conflicting as to the presence and state of the outside screen door.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a de novo determination of those portions of the findings and recommendation to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

**STATEMENT OF FACTS**

Judge Gossett provided a detailed account of the events surrounding the seizure of the gun. The Court has considered the transcript of the hearing conducted by Judge Gossett and carefully viewed the evidence. Banister does not object to Judge Gossett's findings of fact. Based on the Court's de novo review of the evidence and arguments, the Court adopts Judge Gossett's factual findings.

Briefly, officers wanted to talk with three men, including Banister, at about 2:15 a.m. on or about January 31, 2010, regarding a disturbance that they were investigating. The men were approaching a residence. When officers said "Stop, police," two men turned and walked toward the officers. Banister, however, ran onto the porch of the home, tried to open the front door, and made a dropping motion. Officer Larson heard a heavy object hit the porch floor. As ordered by Officer Larson, Banister exited the porch and went down with the other men. Officer Larson went onto the porch where he saw a gun. Banister was arrested.

The residence belongs to Christy Fowler, who has known Banister for approximately 15 years. Their relationship was not of a "dating" nature. That evening Fowler, her friend, her cousin, Banister, and the two men accompanying Banister (one of whom is Fowler's

brother), were socializing and drinking at her home beginning at about 10:30 p.m. After 1:00 a.m. Banister, Fowler's brother, and the other man accompanying them left. They returned at about 2:15 a.m. when the incident resulting in the seizure of the gun occurred. Fowler testified as follows on direct examination by Banister's attorney when questioned about Banister's connection to her home:

> Q. . . . . Was Mr. Banister an invited guest to your house?
>
> A. No.
>
> Q. All right. Did he just show up?
>
> A. No.
>
> Q. Did you know he was coming?
>
> A. Did I know he was coming? I think they did call and say they were on their way.
>
> Q. All right. My point is this: Was he welcome in your house?
>
> A. Yes, ma'am.
>
> Q. Was – would you consider him a guest that could come and go in and out of your house freely?
>
> A. Yes. He's always welcome in my house.
>
> Q. Okay. And that evening, was he present in your house and visiting with you throughout the evening?
>
> A. Yes.

(Tr. 114-15.)

Testimony relating to the issue of standing was limited. The issue was first directly raised by Judge Gossett after the evidence was presented. Although standing is the

Defendant's burden, the record as of the time of the hearing did not indicate that the government objected to Banister's standing to contest the seizure of the gun. Closing arguments were not heard. Judge Gossett ordered the parties to brief the standing issue.

## ANALYSIS

Banister has the burden of showing he has an objectively reasonable, legitimate expectation of privacy to Fowler's residence and, more particularly, to the porch. *See, e.g., United States v. Perry,* 548 F.3d 688, 691 (8th Cir. 2008), *cert. denied,* 129 S. Ct. 2174 (2009). This case most closely approximates a situation involving a "social guest," a category that may result in an expectation of privacy even though a "social guest" might not be an "overnight guest" clearly entitled to an expectation of privacy. 6 Wayne R. LaFave, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 11.3(b), at 150 (2004). However, additional facts complicate the analysis: Banister's departure and return; Banister's presence on the porch; and access to the porch.

Taken as a whole and in context, the evidence does not satisfy Banister's burden of showing standing. Fowler's answers to a series of leading questions resulted in a response that Banister could come and go from her home freely. However, no evidence indicates that Banister had recently or often been at Fowler's home, that he had any personal belongings there, or that he had a key. The evidence implies that Banister did not have a key as he was trying to gain entrance when he was stopped by police. Banister was on a porch with a screen door that did not lock and outside the closed, or locked, door to the home. In summary, under these circumstances the Court cannot conclude that Banister has satisfied his burden of showing that he had a legitimate expectation of privacy in Fowler's home or porch.

Therefore,

IT IS ORDERED:

1. The Magistrate Judge's Findings and Recommendation (Filing No. 36) is adopted;

2. The Defendant's objections to the Findings and Recommendation (Filing No. 37) are overruled; and

3. The Defendant's motion to suppress (Filing No. 16) is denied.

DATED this 15th day of October, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge